# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**HAROLD JOE BLACK**                                             **CIVIL ACTION**

**VERSUS**

                                                                             **NO. 16-799-JWD-RLB**

**LOUISIANA DEPARTMENT**
**OF CORRECTION, ET AL.**

## ORDER

Before the Court is Plaintiff's Motion to Compel Discovery (R. Doc. 66) filed on March 29, 2018. Through this motion to compel, Harold Joe Black ("Plaintiff"), who is proceeding *pro se*, seeks an order requiring the Louisiana Department of Public Safety and Corrections ("LDPSC") to respond to certain discovery requests. Plaintiff represents that he served the discovery requests at issue on February 21, 2018. LDPSC opposes the motion to compel on the basis that Plaintiff's discovery requests were not signed and Plaintiff did not confer in good faith prior to filing the instant motion. (R. Doc. 67).

Also before the Court is Plaintiff's "Motion Correction to Docs. 51, 52, & 53" (R. Doc. 70) filed on April 26, 2018. Through this motion, Plaintiff appears to request an order "correcting" certain discovery requests filed into the record (R. Docs. 51, 52, and 53). (R. Doc. 70). The deadline for filing a response to this motion has not expired. LR 7(f).

On March 22, 2018, Plaintiff filed his first motion to compel (R. Doc. 49) seeking a court order requiring LDPSC to respond to certain discovery requests subsequently filed in the record. (*See* R. Docs. 50, 51, 52, and 53). The Court denied the motion on the basis that Plaintiff did not hold a Rule 37(a)(1) discovery conference prior to filing his motion to compel and the record indicated that the motion to compel was filed prior to service of the underlying discovery requests. (R. Docs. 56, 60).

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention).

Plaintiff submitted a "Certificate of Good Faith Attempts to Resolve Discovery Dispute" with his motion to compel. (R. Doc. 66-2). The certificate represents that Plaintiff served his discovery requests on February 21, 2018, and that LDPSC had not provided responses by March 23, 2018. (R. Doc. 66-2). The certificate does not, however, specify any good faith attempts by Plaintiff to resolve the instant discovery dispute prior to the filing of the instant motion.

LDPSC has provided evidence that on March 22, 2018, Plaintiff sent an e-mail to defense counsel at 11:22 p.m. with "requesting discovery, defendant addresses" in the subject line (R. Doc. 67-3) and a subsequent e-mail to defense counsel at 11:37 p.m. with "discovery request, Willis didn't responded" in the subject line, attaching copies of certain unsigned discovery requests (R. Doc. 67-1). There is no substantive text in the body of these e-mails. On March 23, 2018, defense counsel stated that the discovery requests had been received, that defense counsel was "working to gather the information needed to respond" to Plaintiff's discovery requests, and that a response would be provided in accordance with the discovery deadlines. (R. Doc. 67-4 at 1). Plaintiff mailed the instant motion to the Court on March 23, 2018. (R. Doc. 66-5).

Based on the foregoing, the Court finds that Plaintiff has not satisfied the requirements of Rule 37(a)(1). Accordingly, the motion will be denied on that basis.

In addition, Rule 26(g)(1) provides, in relevant part, that "every discovery request . . . must be signed . . . by the party personally, if unrepresented . . . and must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 26(g)(1). The signature requirement is not an empty formality. "By signing [a] party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry" the discovery request is "(i) consistent with [the Federal Rules of Civil Procedure] and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." Fed. R. Civ. P. 26(g)(1)(B). "If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g)(3). Finally, the opposing party has "no duty to act" on an unsigned discovery request "until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the . . . party's attention." Fed. R. Civ. P. 26(g)(2).

The Court will not require LDPSC to respond to the discovery requests that are the subject of the instant motion to compel (R. Doc. 66-4) on the basis that they were not signed pursuant to Rule 26(g). Plaintiff must sign any future discovery requests served in this action,

and provide his address, e-mail address, and telephone number, as required by Rule 26(g)(1). Any future motion to compel filed by Plaintiff must attach copies of the discovery requests at issue to demonstrate that they were signed prior to service.

The Court will not modify the discovery requests previously filed into the record. As previously explained to Plaintiff, discovery requests must not be filed with the Court unless they are used in the proceeding or the Court orders filing. *See* June 23, 2017 Notice and Order (R. Doc. 33); Fed. R. Civ. P. 5(d)(1). Furthermore, the proposed "corrected" documents (R. Doc. 70-3) are not identical to the discovery requests previously filed into the record (R. Docs. 51, 52, and 53) and the submitted set of interrogatories remains unsigned (R. Doc. 70-3 at 5-6)

Plaintiff must sign any future discovery requests in this action as required by Rule 26(g) and must serve those requests in a manner allowed by Rule 5(b). Upon service of properly signed discovery requests, the party served with discovery will have 30 days to respond to the discovery requests as allowed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A); 36(a)(3).

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery (R. Doc. 66) is **DENIED**. The parties shall bear their own costs.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion Correction to Docs. 51, 52, & 53" (R. Doc. 70) is **DENIED**.

Signed in Baton Rouge, Louisiana, on April 27, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**