UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HAROLD JOE BLACK            CIVIL ACTION NO.: 3:16-CV-799-JWD-RLB

VERSUS

LOUISIANA DEP'T OF            JUDGE JOHN W. deGRAVELLES
CORRECTION, ET AL.

## RULING AND ORDER

Harold Joe Black ("Black" or "Plaintiff") is a pro se plaintiff who, on November 29, 2016, filed a complaint against the Louisiana Department of Public Safety and Corrections ("LDPSC") and "LDPSC's Attorney Susan Griffin" ("Griffin," collectively, "Defendants"). (Doc. 1 at 2-3). Plaintiff has amended his complaint twice (Docs. 19, 35), and has moved again to amend the complaint (Doc. 72), which motion is pending before the Magistrate Judge. Plaintiff demands compensatory damages under 42 U.S.C. section 1983 allegedly caused by Defendants' violation of Plaintiff's civil rights. (Doc. 1, Doc. 35).[1] Before the Court is LDPSC's Motion to Dismiss. (Doc. 45). The motion is opposed. (Docs. 46 and 47).

LDPSC urges that Plaintiff's claims against it must be dismissed because, as an agency of the State of Louisiana, it is immune from suit in federal court and is not a "person" within the meaning and intent of section 1983. (Doc. 45-1 at 2, 3-4 (citing *Lumpkins v. Office of Cmty. Dev.*, 621 F. App'x 264, 268 (5th Cir. 2015))). In his two opposing memoranda, Plaintiff does not address these issues or attempt to challenge these propositions.[2]

LDPSC's position is well founded. As a state agency, LDPSC enjoys sovereign immunity from suit in federal court. In particular, "[t]he Eleventh Amendment bars an individual from

---

[1] Plaintiff's specific allegations are unimportant for purposes of this motion.
[2] Plaintiff's arguments focus on the merits of his claim and are not relevant to the issues raised in LDPSC's Motion to Dismiss.

1

suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002) (*citing* U.S. CONST. amend. XI). Sovereign immunity protects not just the state itself, but also "any state agency or entity deemed an 'alter ego' or 'arm' of the state." *Id.* (citing *Vogt v. Bd. of Comm'rs*, 294 F.3d 684, 688–89 (5th Cir. 2002)). Congress did not abrogate state sovereign immunity under section 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

Relatedly, LDPSC is not a "person" who can be sued under 42 U.S.C. section 1983. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Lumpkins*, 621 F. App'x at 268 n.7 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983")). Therefore the Court has no jurisdiction over this defendant and Plaintiff's claims against LDPSC will be dismissed. Because the dismissal is on jurisdictional grounds, it is without prejudice. *See, e.g., Warnock v. Pecos County, Texas,* 88 F.3d 341, 343 (5th Cir. 1996) ("Because [Eleventh Amendment] sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice.").

Plaintiff asks in the alternative that he be permitted to perform discovery before the Court rules on this motion in order to obtain the identities of LDPSC employees who participated in the conduct about which he complains. (Doc. 46 at 2; *see also* Doc. 48). This information would not alter LDPSC's entitlement to dismissal and so this ruling will not be delayed. There is nothing which has prevented Plaintiff from engaging in discovery up to the present time and this ruling does not prevent Plaintiff from doing so.

Plaintiff has filed a motion to amend his complaint, which is now pending before the Magistrate Judge. (Doc. 48). The Court has reviewed Plaintiff's proposed amended complaint and concludes that, even if he is allowed to amend, such amendment would not affect LDPSC's entitlement to dismissal. Therefore, LDPSC's Motion to Dismiss is GRANTED and Plaintiff's claims against LDPSC are dismissed without prejudice.

Signed in Baton Rouge, Louisiana, on May 23, 2018.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**